1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Chad Everett Braxton,                      No. CV-13-01916-PHX-JJT (BSB)

10                        Petitioner,            **REPORT AND**
                                                 **RECOMMENDATION**
11   v.

12   State of Arizona, et al.,

13                        Respondents.

14

15          On September 16, 2013, Petitioner Chad Everett Braxton filed a Petition for Writ

16   of Habeas Corpus, pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  The Court dismissed the

17   petition with leave to file an amended petition on the court-approved form. (Doc. 5.)  On

18   December 9, 2013, Petitioner filed an amended petition.  (Doc. 8.)  On February 12,

19   2014, the Court dismissed the amended petition for failure to allege a violation of a

20   particular federal right, but granted Petitioner leave to file a second amended petition

21   within thirty days of the Court's order.  (Doc. 10.)  On March 28, 2014, the Court

22   dismissed this matter without prejudice based on Petitioner's failure to file a second

23   amended petition.  (Doc. 11.)

24          On May 22, 2014, Petitioner filed several documents explaining that he was

25   unable to comply with the February 12, 2014 Order because he had been transferred to a

26   new location and his legal files were lost.  (Doc. 14.)  On June 10, 2014, the Court

27   construed the filing as a motion to re-open the case, granted the motion, and directed

28   Petitioner to file a second amended petition within thirty days.  (Doc. 15.)   After

1   receiving an extension of time, on October 10, 2014, Petitioner filed the pending Second
2   Amended Petition raising four grounds for relief.   (Doc. 22.)   The Court directed
3   Respondents to file an answer and stated that they could file an answer limited to
4   affirmative defenses, including procedural bar.   (Doc. 24 at 5.)   Respondents filed a
5   limited answer to the Second Amended Petition arguing that Petitioner's claims are
6   procedurally barred from federal habeas corpus review. (Doc. 30.) Petitioner has filed a
7   reply in support of his Petition.[1]   (Doc. 31.)   For the reasons below, the Court
8   recommends the Petition be denied.

9   **I.      Procedural Background**

10          **A.      Charges, Trial, and Sentencing**

11          On July 20, 2010, Plaintiff was indicted in the Maricopa County Superior Court on
12   one count of trafficking in stolen property in the second degree, a class three felony.
13   (Doc. 30, Ex. A.)  The State alleged that Petitioner participated in the sale of a stolen van.
14   (*Id.* at 3.)  The State also alleged several aggravating circumstances and that Petitioner
15   had a prior felony conviction.   (Doc. 30, Exs. B, C.)   Petitioner initially represented
16   himself, but before trial allowed his advisory counsel to defend him.  (Doc. 30, Ex. D.)
17   Before trial, the State filed a motion to preclude the testimony of the defense's expert on
18   video enhancement.  (Doc. 30, Ex. E.)  Following a hearing, the trial court found that the
19   expert could testify about the video enhancement and show his work to the jury, but that
20   he could not give his opinion about whether Petitioner was the individual in the
21   surveillance video recording.  (Doc. 30, Ex. EE at 34-35.)

22          On the second day of Petitioner's jury trial, the State disclosed that one of the
23   detectives would testify that he had prior contact with Petitioner when he was engaged in
24   non-criminal conduct.  (Doc. 30, Ex. I, Ex. FF at 3-4.)  Petitioner's counsel objected to
25   the testimony based on Rule 404(b) of the Arizona Rules of Evidence, and lack of prior
26   disclosure.  (Doc. 30, Ex. FF. at 4.)  The trial court ruled that the detective could not

27

28          [1]  In his reply, Petitioner requests the appointment of counsel.  (Doc. 31 at 1.)  The
   Court addressed this request in separate order and does not revisit that issue.  (Doc. 32.)

testify about his prior contact with Petitioner, unless Petitioner opened the door during cross-examination by challenging the certainty of the detective's identification of him. (Doc. 30, Ex. FF at 4, 7-8.)   After Petitioner's counsel asked the detective if he was certain that Petitioner was the individual who participated in the sale of the stolen van, the trial court ruled that the defense had opened the door to the detective's testimony about his previous encounter with Petitioner.  (*Id.* at 144.)   However, to avoid the detective testifying about his prior contact with Petitioner, the parties stipulated that the detective had prior contact with Petitioner in a non-criminal context.  (*Id.* at 161-62.)

The jury found Petitioner guilty as charged.  (Doc. 30, Exs. K, L, HH.)  Petitioner filed a motion for a new trial based on the trial court's ruling that lead to the stipulation about the detective's prior encounter with Petitioner.  (Doc. 30, Exs. M-P, JJ.)  The court denied the motion for a new trial.  (*Id.*)  On November 29, 2011, the court held a trial on Petitioner's prior felony conviction.  (Doc. 30, Exs. O, II.)  On January 26, 2012, the trial court sentenced Petitioner to a mitigated term of five years' imprisonment with 273 days of presentence incarceration credit.  (Doc. 30, Exs. Q, KK.)

## B.    Direct Appeal

On January 27, 2012, Petitioner filed a notice of appeal in the Arizona Court of Appeals.  (Doc. 30, Ex. R.)  Petitioner's trial counsel withdrew, and the court appointed appellate counsel.  (Doc. 30, Ex. S.)  Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she could find no issue to present on appeal and requesting that the court allow Petitioner to file a supplemental brief.  (Doc. 30, Ex. U.)  The court granted counsel's request and allowed Petitioner to file a supplemental brief.  (Doc. 30, Ex. V.)  Petitioner did not file a supplemental brief. Therefore, the court reviewed the record for fundamental error.  (Doc. 30, Ex. W.)  On January 10, 2013, the court of appeals issued a memorandum decision finding no reversible error and affirming Petitioner's conviction and sentence.  (*Id.*)

On January 31, 2013, Petitioner filed a motion for reconsideration, explaining that he mistakenly sent his supplemental brief to the capital litigation/criminal appeals section

of the Attorney General's Office.  (Doc. 30, Ex. X.)  On March 7, 2013, the court of appeals summarily denied the motion.  (Doc. 30, Ex. Y.)  On April 1, 2013, Petitioner filed a petition for review to the Arizona Supreme Court.   (Doc. 30, Exs. Z, AA.) Petitioner argued that the court should reverse the appellate court's denial of his motion for reconsideration because his failure to properly file his supplemental appellate brief was inadvertent and caused by his lack of legal knowledge.  (Doc. 30, Ex. X.)  On August 20, 2013, the Arizona Supreme Court denied review.  (Doc. 30, Ex. BB.)

### C.    Federal Petition for Writ of Habeas Corpus and the Answer

On October 10, 2014, Petitioner filed his Second Amended Petition for Writ of Habeas Corpus in this Court.  (Doc. 22.)  Petitioner raises the following claims: (1) his Sixth Amendment right to the effective assistance of counsel was violated when trial counsel agreed to stipulate to the detective's prior identification of Petitioner, over his objection to the stipulation (Ground One); (2) the trial court violated his Fifth and Fourteenth Amendment due process rights by admitting evidence of the detective's prior identification of Petitioner (Ground Two); (3) the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights when it limited the scope of his forensic expert's testimony (Ground Three); and (4) his conviction is unconstitutional because no physical evidence linked him to the crime, the police lacked probable cause for his arrest, and the police used a photo array that was suggestive in violation of his due process rights (Ground Four).  (Doc. 22 at 6-18.)

Respondents filed a limited answer asserting that federal habeas corpus review of Petitioner's claims is procedurally barred.  (Doc. 30.)  Respondents filed several exhibits to support their answer.  (Doc. 16, Exs. A-LL.)  In his reply, Petitioner argues that the answer does not comply with Rule 5(c) of the Rules Governing Section 2254 Cases because Respondents did not submit certain portions of the state court record.[2]  (Doc. 31 at 5-6.)  The Court's December 3, 2014 Order specifically permitted Respondents to file

---

[2] Rule 5(c) provides that the answer must indicate what transcripts are available and that "respondent must attach to the answer parts of the transcript that the respondent considers relevant."

an answer limited to affirmative defenses, including procedural bar.  (Doc. 24.)   As allowed by the Court's order, Respondents filed a limited answer arguing that federal habeas corpus review of Petitioner's claims is procedurally barred.    (Doc. 30.) Respondents' answer complies with Rule 5(c) because Respondents identified the available transcripts, and submitted the portions of the record that are relevant to their answer.  (Doc. 30 at 3, Exs. A-LL.)  Accordingly, the Court will consider the briefing on the Second Amended Petition.

## II.    Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner.[3]  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based.  *See Baldwin*, 541 U.S. at 33.  A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Id.* at 31-32.  Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and

---

[3]  In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's

application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate.  *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989).  "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases."  *Coleman*, 501 U.S. at 732.  Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim.  *See id*. at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.  *See Reed v. Ross*, 468 U.S. 1, 9 (1984).  Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits.  *Coleman*, 501 U.S. at 750.  Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

## III.    Petitioner's Claims

Respondents argue that Petitioner's claims are procedurally barred from federal habeas corpus review.  Petitioner disputes this assertion.  As discussed below, the Court concludes that habeas corpus review of Petitioner's claims is procedurally barred.

### A.    Petitioner's Claims are Procedurally Defaulted

Petitioner did not present any of the claims asserted in his Second Amended Petition to the Arizona Court of Appeals on direct review or in a post-conviction proceeding.  (Doc. 30, Exs. U, W; Doc. 22 at 3-4, 6, 14.)  Accordingly, Petitioner did not

properly exhaust Grounds One, Two, Three, or Four.  *See Teague*, 489 U.S. at 297-99; *Coleman*, 501 U.S. at 735 n.1 (stating that "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas.").

It would be futile for Petitioner to return to the state courts to try to exhaust these claims.  Any attempt to present these claims to the court of appeals would be barred because a petition for appellate review would be untimely and successive.  *See* Ariz. R. Crim. P. 31.1, 31.3, and 32.2(a).  Petitioner is also time-barred from a filing a petition for post-conviction relief under Rule 32.  *See* Ariz. R. Crim. P. 32.4(a); *McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)).

Additionally, Petitioner's claims do not implicate any exceptions to the timeliness rules referred to in Rule 32.4(a) and Rule 32.2(b), including being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence.  *See* Rule 32.1(d), (e), (f), (g) and (h).  Accordingly, federal habeas corpus review of Petitioner's claims is procedurally barred.[4]

---

[4]   In his reply, Petitioner generally asserts that the "state ground" was not firmly and regularly established.  (Doc. 31 at 14.)  Thus, it appears Petitioner is suggesting that his claims are not procedurally barred because the state procedural rules that would preclude review are not "adequate."  This argument fails, however, because Petitioner's claims are not barred because the state court applied a state procedural rule to deny review of his claims.  Instead, Petitioner's claims are procedurally defaulted because Petitioner did not raise his claims to the Arizona Court of Appeals and it would be futile for him to return to state court to try to exhaust his claims due to state procedural rules.  *See Teague*, 489 U.S. at 297-99.  Under these circumstances, the Court does not consider whether state procedural rules are adequate and independent.  Nonetheless, Arizona's procedural rules are consistently and regularly applied.  *See, e.g., Simmons v. Schriro*, 187 Fed. App'x. 753, 754 (9th Cir. 2006) (holding that Arizona's procedural rules, including its timeliness rules, are "clear" and "well-established"); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (en banc) (rejecting assertion that Arizona courts' application of procedural default rules had been "unpredictable and irregular").

**B.      Petitioner has not Established a Basis to Overcome the Procedural Bar**

Because Petitioner's claims are procedurally defaulted, federal habeas corpus review is unavailable unless Petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar.  *See Coleman*, 501 U.S. at 749.  For the reasons below, the Court finds that Petitioner has not established a basis to overcome the procedural bar.

### 1.      Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice."  *Coleman*, 501 U.S. at 750.  To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  *Teague*, 489 U.S. at 298.  A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the constitutional violation or error.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) (same).  If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).

To establish cause, Petitioner argues that during direct review proceedings he sent his supplemental brief to the "capital litigation/criminal appeals" section of the Arizona Attorney General's Office "thinking that was the court of appeals."  (Doc. 31 at 13; Doc. 22 at 2, 14 ("I sent [the supplemental] brief to the capital litigation/criminal appeals section by mistake.").)   Petitioner complains that his supplemental brief was not

forwarded to the court of appeals.  (*Id.*)  Petitioner's own mistake about the appellate court's mailing address does not constitute cause for his failure to properly exhaust his claims.   *See Gutierrez v. California*, 411 Fed. App'x 952, 953 (9th Cir. 2011) (petitioner's confusion about proper address of state court of appeals was not an extraordinary circumstance, "but rather a 'garden variety claim of excusable neglect' that 'does not warrant equitable tolling'") (quoting *Holland v. Florida*, 560 U.S. 631, 652 (2010)); *Payne v. Miner*, 2011 WL 3607276, at *2 (E.D.N.C. Aug. 16, 2011) (mail returned for insufficient postage and for not having the proper address did not constitute cause to for failure to exhaust administrative remedies).

Petitioner also suggests that the Arizona Attorney General's Office's failure to forward his supplemental brief to the appellate court constitutes cause.  (Doc. 31 at 13.) Petitioner mailed his supplemental brief to the attorney general's office instead of the court of appeals.  Petitioner's own mistake resulted in his brief not being filed in the appellate court.  The attorney general's office did not impede Petitioner's efforts to comply with the deadline for filing his supplemental brief.  *See Teague*, 489 U.S. at 298 (to establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules).

Petitioner further argues that after the appellate court affirmed his conviction and sentence, he filed a motion for reconsideration along with his supplemental brief asking the court to consider his supplemental brief.  (Doc. 31 at 13.)  The appellate court denied that motion.  Petitioner filed a petition for review in the Arizona Supreme Court "asking [the court] to make the Court of Appeals accept his appeal or take responsibility . . . ." (*Id.*)  The Arizona Supreme Court denied Petitioner's motion.  Petitioner suggests that these state court rulings constitute cause for his failure to exhaust his claims.  The record does not support this assertion.  The appellate court reviewed the record for fundamental error and affirmed Petitioner's conviction and sentence.   The court did not consider the claims presented in Petitioner's supplemental brief because he did not present it to the court until after it dismissed his appeal.  Thus, as a result of Petitioner's failure to comply

with the appellate court's order that he file a supplemental brief, the claims Petitioner raises in his Second Amended Petition were not considered on direct review by the appellate court.  There is no evidence that the Arizona Court of Appeals or the Arizona Supreme Court impeded Petitioner's ability to file a supplemental brief in the appellate court or impeded Petitioner's ability to seek review of his claims in a Rule 32 proceeding.

To establish cause for the procedural default of Ground One (ineffective assistance of trial counsel), Petitioner argues that he thought he had to raise his claim of ineffective assistance of trial counsel in a Rule 32 proceeding after the conclusion of his direct appeal.  (Doc. 22 at 6.)  Petitioner is correct that, in Arizona, claims of ineffective assistance of trial counsel are properly raised in a petition for post-conviction under Rule 32.  *See* Ariz. R. Crim. P. 32.1(a); *Bradley v. Ryan*, 2014 WL 4354836, at *19 (D. Ariz. Sept. 3, 2014) ("In Arizona, the state collateral proceeding is the initial review proceeding for claims of ineffective assistance of trial and appellate counsel.").  Thus, Petitioner could have exhausted his claim of ineffective assistance of trial counsel by raising that issue in a post-conviction proceeding under Rule 32.  Petitioner does not provide a specific explanation for his failure to file a petition for post-conviction review, despite knowing that he should present claims of ineffective assistance of trial counsel in a Rule 32 proceeding.[5]  (Doc. 22 at 6.)

To establish cause for the procedural default of Grounds One, Two, Three, and Four, Petitioner asserts that appellate counsel "left him to represent himself," he lacked

---

[5]  Petitioner does not claim he can establish cause for failure to exhaust his claim of ineffective assistance of trial counsel based on *Martinez v. Ryan*, ___U.S. __, 132 S. Ct. 1309 (2012) (Docs. 22, 31.)  Additionally, Petitioner did not file a notice of post-conviction relief and, therefore, he cannot rely on *Martinez* to establish cause for his failure to present his ineffective assistance of trial counsel claim to the state courts. *See Castillo v. Ryan*, 2013 WL 3282547 at *5 (D. Ariz. Jun. 28, 2013) (noting that "[Petitioner] . . . never filed notice of an 'of right' Rule 32 proceeding. Accordingly, he never had an 'of right' Rule 32 attorney, and now there is no one to shoulder the blame for his default.  [Petitioner] cannot show cause to excuse the default of [these claims]"); *see also Anderson v. Koster*, 2012 WL 1898781 at *9 (W.D. Mo. 2012) ("*Martinez* is inapposite because, here, the petitioner himself is at fault for not filing a pro se Rule 29.15 motion in the first place.").

access to a law library, and his "whole appeal process was done by jail house lawyers" and he thought that "when they said the court erred, that covered it all."  (Doc. 22 at 6, 14.)  The record reflects that appellate counsel filed an *Anders* brief on direct appeal and obtained permission from the court for Petitioner to file a supplemental brief.  (Doc. 30, Exs. U, V.)  The record does not support Petitioner's assertion that appellate counsel abandoned him or that she somehow impeded his ability to file a supplemental brief on direct review or a petition for post-conviction relief.  Accordingly, Petitioner has not shown that appellate counsel's actions constitute cause for his failure to exhaust his claims.

Additionally, Petitioner's status as an inmate, lack of legal knowledge, and limited legal resources do not establish cause to excuse the procedural bar to review of his claims.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause).  Therefore, Petitioner has not shown cause for the procedural default of his claims and the Court does not consider whether Petitioner has shown prejudice.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

## 2.    Fundamental Miscarriage of Justice

In addition, a federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The petitioner has the burden of demonstrating that "it is more likely than

- 12 -

not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.   Petitioner generally argues that failure to consider his claims will result in a fundamental miscarriage of justice.  (Doc. 31 at 14-15.)   However, Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice.  Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar.

**IV.    Conclusion**

As set forth above, the Court concludes that Petitioner's claims asserted in Grounds One, Two, Three, and Four of the Second Amended Petition (Doc. 22) are procedurally barred from federal habeas corpus review and Petitioner has not established a basis to overcome that bar.  Accordingly, the Court recommends that the Petition be denied.

Accordingly,

**IT IS RECOMMENDED** that the Second Amended Petition for Writ of Habeas Corpus (Doc. 22) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States*

*v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 3rd day of June, 2015.

Bridget S. Bade
United States Magistrate Judge