NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Everett Braxton,<br><br>    Petitioner,<br><br>v.<br><br>Arizona, State of, et al.,<br><br>    Respondents. | No. CV-13-01916-PHX-JJT<br><br>**ORDER** |

    At issue is Petitioner Chad Everett Braxton's Second Amended Petition for Writ of Habeas Corpus (Doc. 22), filed October 10, 2014, to which Respondent filed its Response on February 27, 2015 (Doc. 30), and Petitioner filed a Reply on March 27, 2015 (Doc. 31). Magistrate Judge Bridget S. Bade issued a Report and Recommendation ("R&R") in the matter on June 4, 2015 (Doc. 33), to which Petitioner filed objections styled as a Response to Report and Recommendation on June 15, 2015 (Doc. 34). For the reasons set forth in the R&R, this Court will deny the Petition.

    Judge Bade comprehensively and correctly analyzed the issues involved in the Second Amended Petition, and this Court will adopt the recommendations set forth in the R&R as well as the reasoning supporting those recommendations. For that reason, it will not restate those issues or their resolution here in detail. Judge Bade correctly concluded that Petitioner presented none of the four issues he raises in his Second Amended Petition on direct appeal in the state court; nor did he raise any of the four issues in any state post-conviction relief proceeding. Moreover, Judge Bade concluded it is too late to go back to

the state court and raise the issues now in either proceeding, as such an action would now be procedurally barred as untimely. All four claims are thus unexhausted yet procedurally defaulted. Once claims reach such a posture, a federal court may review the merits of those claims only if Petitioner can show both cause and prejudice, and, as set forth in detail in the R&R, Petitioner fails to make either showing under the relevant test.

In his Response to the R&R, Petitioner raised no new argument; he simply repeated the arguments in his Second Amended Petition and his Reply. Thus, Judge Bade's R&R has already adequately and thoroughly addressed each of Petitioners arguments in his Response, and this Court will not review them in detail here again. In summary, Judge Bade correctly concluded that a mistake by Petitioner in sending his supplemental appellate brief to the wrong address did not constitute "cause" within the meaning of *Teague v. Lane*, 489 U.S. 288, 298 (1989). Petitioner's own actions cannot constitute an "objective factor external to the defense" that impeded his efforts to comply with Arizona's procedural rules. *See id.* And as Judge Bade also noted, nor can the Arizona Attorney General's failure to step in and help Petitioner by rerouting his brief to the correct recipient constitute cause. There simply is no "cause" within the meaning of *Teague*, and the analysis could stop there, although Judge Bade correctly went on to justify her recommendation that this Court also find no showing of prejudice either.

IT IS ORDERED adopting Magistrate Judge Bade's R&R in its entirety and incorporating same into this Order (Doc. 33).

IT IS FURTHER ORDERED denying the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 22) and dismissing this matter with prejudice.

//
//
//
//

1       IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal in this matter because the dismissal of the instant Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

      Dated this 31st day of August, 2015.

                                              Honorable John J. Tuchi
                                              United States District Judge